IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KESTREL HOLDINGS I, L.L.C., )
                            )
         Plaintiff,         )
                            )
vs.                         )   Civil Action No. 04-MBD-10068-NG
                            )
LEARJET INC. and BOMBARDIER INC., )
                            )
         Defendants.        )

GERTNER, D.J.:

### STIPULATED PROTECTIVE ORDER

AND NOW, this __20th__ day of __April__, 2004, IT IS HEREBY STIPULATED BY THE PARTIES AND ORDERED BY THE COURT THAT:

1.  Some of the materials to be produced by Thomas W. Eagar, Sc.D., P.E. ("Dr. Eagar") to Plaintiff's counsel by April 21, 2004 under this Court's April 7, 2004 Order may be classified as "Confidential Information." "Confidential Information" as used in this Order means any information entitled to protection under Rule 26 of the Federal Rules of Civil Procedure. Such information, whether it be a document, information revealed during a deposition, information revealed in any discovery response, or otherwise, shall be stamped with a Bates number and with the additional language: "Confidential Eagar" at the time of production. Dr. Eagar may make such designation only as to information and documents he in good faith believes contains Confidential Information entitled to protection under Rule 26; and which are produced in response to Paragraphs 6 and 7 of the Rule 45 subpoena dated February 9, 2004 issued by Plaintiff to Dr. Eagar. Dr. Eagar may not make such designation as to information or documents produced in response to any other Paragraphs of the

February 9, 2004 subpoena or to information or documents Dr. Eagar has already produced to Plaintiff under an April 8, 2004 cover letter from Ron A. Sprague to Gary D. Justis, which are Bates-labeled nos. 0001 – 00554.

2. "Litigation" as used in this Order shall mean this action and the pending action styled *Kestrel Holdings I, L.L.C. v. Learjet Inc., et al.*, Case No. 02-2388-CM (D. Kan.).

3. "Qualified Person" as used in this Order means:

(a) Counsel of record in the Litigation and employees and staff personnel of such attorneys to whom it is necessary that Confidential Information be shown for purposes of the Litigation;

(b) Persons retained by any party to this Litigation or its attorneys of record in the Litigation for the purpose of assisting in the preparation of the Litigation for trial to whom it is necessary that Confidential Information be shown for that purpose and who have first signed a document in the form of "Exhibit A" attached hereto and provided such document to the attorneys of record by whom he or she is retained, who shall retain all such documents until further Order of this Court or the District of Kansas;

(c) Any employees of parties to the Litigation who are actively involved in the Litigation; and

(d) Any person who is designated as a qualified person by Order of this Court or the District of Kansas, after notice to all parties.

4. Confidential Information shall include all documents and copies of such documents which Dr. Eagar has designated as confidential by marking "Confidential Eagar" on each page of

such material in a manner that does not obscure information on the page. In lieu of marking the originals of such documents, copies of such documents that are produced or exchanged may be marked.

5. Portions of any deposition of Dr. Eagar, or of a party to the Litigation; of such party's present or former officers, directors, employees or agents; of an independent expert retained for purposes of the Litigation; or of any third party witness, that discuss any Confidential Information may be designated as Confidential Information by indicating on the record at the deposition that the portion of the testimony discussing Confidential Information is confidential and subject to the provisions of this Order. Dr. Eagar may also designate portions of his deposition that discuss Confidential Information as confidential by notifying all parties in writing, within fourteen (14) days of receipt of the full and complete deposition transcript. Portions of any such depositions that do not discuss or otherwise employ any Confidential Information may not be designated as Confidential Information or otherwise be designated as confidential or subject to the provisions of this Order.

6. Any information designated as Confidential Information shall not be made available and/or disclosed to persons other than the Court, Qualified Persons, or Dr. Eagar who produced the Confidential Information. Qualified Persons who receive Confidential Information shall use it solely for the purpose of the Litigation.

7. Nothing shall allow disclosure beyond the terms of this Protective Order unless Dr. Eagar consents to such disclosure, or if the Court or the District of Kansas, after notice to all affected parties including Dr. Eagar, orders such disclosure.

8. The inadvertent or unintentional disclosure by Dr. Eagar of Confidential Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of his claim of confidentiality, either as to the specific information disclosed, or as to any other information concerning the same or related subject matter. In the event of such an inadvertent or unintentional disclosure, the non-producing party is required to return said documents to Dr. Eagar immediately after receiving notice from Dr. Eagar that there has been an inadvertent or unintentional disclosure. In the event there is a disagreement regarding the confidential nature of the inadvertently and/or unintentionally disclosed documents, or if there is a disagreement as to whether the disclosure was inadvertent or unintentional, the non-producing party must return said documents immediately to Dr. Eagar and seek a determination from the Court as to the confidentiality issue. Dr. Eagar shall keep the documents in dispute segregated until the issue is resolved by the Court.

9. All information that is filed with this Court and is subject to confidential treatment in accordance with the terms of this protective order, and any pleadings, motions or other papers filed with this Court disclosing any Confidential Information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the number and style of the action and a statement substantially in the following form:

> This envelope is sealed pursuant to the Protective Order entered by the Court on April ___, 2004, contains Confidential Information filed in this proceeding, and is not to be opened or the contents thereof revealed except by Order of the Court.

All information that is filed with the District of Kansas and is subject to confidential treatment in accordance with the terms of this protective order, and any pleadings, motions or other papers filed

-4-

Agreed and Stipulated to By and Between:

*[signature]*

RICHARD L. EDWARDS
BRIAN P. VOKE
CAMPBELL CAMPBELL EDWARDS & CONROY
One Constitution Plaza, Suite 300
Boston, MA 02129
Attorneys for Respondent
Thomas W. Eagar, Sc.D., P.E.,

*[signature: Ron Sprague (BV)]*

RON A. SPRAGUE
GENDRY & SPRAGUE, PC
645 Lockhill Selma,
San Antonio, TX 78261-5057.
Attorneys for Defendants
Learjet Inc. and Bombardier Inc.

*[signature: William Sampson (BV)]*

WILLIAM R. SAMPSON
SHOOK, HARDY & BACON, LLP
10801 Mastin Boulevard, Suite 1000
Overland Park, KS 66210-1671
Attorneys for Defendants
Learjet Inc. and Bombardier Inc.

*[signature]*
DAVID A. BUNIS
NICHOLAS JOSEPH WALSH
DWYER & COLLORA, LLP
600 Atlantic Avenue, Suite 1200
Boston, MA 02210-2211
Attorneys for Plaintiff
Kestrel Holdings I, LLC

*[signature]*
GARY D. JUSTIS
LATHROP & GAGE, LC
10851 Mastin Boulevard
Overland Park, KS 66210
Attorneys for Plaintiff
Kestrel Holdings I, LLC

-8-

CWDOCS 378665v1