## EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KESTREL HOLDINGS I, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> LEARJET INC. and BOMBARDIER INC., <br><br> Defendants. | 04-MBD-10068-NG |

### AFFIDAVIT OF NICHOLAS J. WALSH

STATE OF MASSACHUSETTS
                        ) ss.
COUNTY OF SUFFOLK

    I, Nicholas J. Walsh, of lawful age, having first been duly sworn on my oath, state the following information personally known to me:

    1    I am local counsel for Plaintiff and an attorney with the law firm of Dwyer & Collora, LLP. I also work with David A. Bunis, another Dwyer & Collora attorney.

    2.    To keep our overall fees at a minimum, I took the lead as local counsel on this matter for Plaintiff.

    3.    Dwyer & Collora's reasonable fees and expenses to prepare and prosecute the motion to compel against Thomas Eagar are detailed on the document attached as Exhibit A hereto entitled "Plaintiff's Fees and Expenses Related to Motion to Compel Against Thomas Eagar.'

    4.    Kestrel's fee application, as it relates to Dwyer & Collora's fees and expenses is more than reasonable since none of Mr. Bunis' time associated with the

motion to compel has been included, except for 1.8 hours associated with his initial consultation and review of the relevant documents and issues associated with the motion to compel.

5.  Since Lathrop & Gage has and will continue to compensate Dwyer & Collora directly for fees and expenses associated with this matter, we would prefer that any Order directing Thomas Eagar to pay reasonable fees and expenses further direct him to make such payment directly to Lathrop & Gage.

FURTHER AFFIANT SAYETH NOT.

Nicholas J. Walsh

Subscribed and sworn to before me on this 21st day of May, 2004.

My Commission Expires:



Notary Public

2