IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JUN -4  P 4: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

KESTREL HOLDINGS I, L.L.C., §
§
     Plaintiff, §
§
v. §
§
§
LEARJET INC. AND BOMBARDIER INC.,§
§
     Defendants. §

Case No. 1:04-MBD-10068-NG

## RESPONSE TO PLAINTIFF'S PETITION FOR FEES AND COSTS.

Respondent, THOMAS EAGAR, respectfully submits this Response to Plaintiff's Petition for Fees and Costs. In that regard, Respondent would show the Court as follows:

1.  This dispute arose over Plaintiff's discovery demand for documents from Defendants' expert witness, Mr. Thomas Eagar. Plaintiff served Dr. Eagar with a Subpoena Duces Tecum seeking certain documents, including voluminous financial records relating to his consulting business. Mr. Eagar filed timely objections to the requested production on February 23, 2004, which automatically suspended his obligation to produce documents in accordance with Rule 45(c)(2)(B). Without an attempt to confer, Plaintiff filed its Motion to Compel Discovery on March 1, 2004.

2.  This Court conducted a hearing on April 7, 2004 and granted Plaintiff's Motion to Compel Discovery. It also ordered Respondent to "pay the reasonable attorneys' fees and expenses relating to serving the subpoena and the Motion." Order of April 7, 2004. Respondent timely produced documents as ordered by the Court and in compliance with subsequent agreements between his counsel and counsel for

Plaintiff. Plaintiff has now submitted a request for a total of $13,551.53 in fees and expenses supposedly related to this matter.

3.    Defendants respectfully submit that Plaintiff's Petition for Fees and Costs is excessive because it includes a claim for costs and fees that were neither reasonable or necessary.

4.    As Plaintiff points out in its Petition for Fees and Expenses, it served similar Rule 45 Subpoena's on two other expert witnesses for Defendants in the underlying Kansas litigation.  Those subpoenas also drew objections and ultimately resulted in the filing of Motions to Compel by Plaintiff.  In each of those cases, the respective Courts granted Plaintiffs' Motion to Compel and awarded reasonable costs and expenses.  Plaintiff submitted Petitions for Fees and Expenses in those cases in the amounts of $6,027.52 (Illinois) and $11,587.98 (Oklahoma).  The Illinois court has not yet ruled on the reasonableness of Plaintiff's fee request., however, U. S. Magistrate Judge Sam Joyner in Oklahoma ruled that both the rates charged and the hours claimed by Plaintiff's counsel were excessive and awarded a total of $3,945.48 for fees and expenses in that case.  See Order of Magistrate Judge Joyner, attached hereto as Appendix A (hereafter "Oklahoma Order").

5.    It is important to note that Judge Joyner specifically ruled in the Oklahoma Order that the rates sought by Plaintiff for "both local and out of state counsel are excessive in light of the degree of competence required for filing the motion to compel." Oklahoma Order.  Those rates were $250.00 per hour for Mr. Justis and $220.00 for local counsel in the Oklahoma action.  Here, Plaintiff seeks the same $250.00 rate for

Mr. Justis and between $395.00 and $195.00 per hour for local counsel. Judge Joyner determined a reasonable rate for both was $175.00 per hour.

6.    Plaintiff also overstated the necessary time required in the Oklahoma case. After reviewing each entry, the Court determined that of the 46.85 hours claimed, only 18.5 hours were reasonable. In this case, Plaintiff has claimed that over 50 hours of attorney time.

7.    Plaintiff argues that this application is "significantly higher"[1] than the requests in the other two cases because it claims the issues are broader and it was required to respond to an additional response by Defendants. In fact, Plaintiff did not file responsive pleadings to either Defendants' nor Respondent's responses. The issues raised in Defendants' Response to Plaintiff's Motion to Compel Discovery were the same in all three actions, and, with the exception of the portions pertaining to financial records, Plaintiff's Motion to Compel and Memorandum in Support of Motion to Compel are virtually identical to those filed in Chicago and Tulsa.

8.    Plaintiff also preemptively argues that its counsel , Mr. Justis, "did everything possible to keep expenses at a minimum." To the extent that the proceedings in this court are different from the other two actions, it is because of Plaintiff's request for financial records from Mr. Eagar. Mr. Eagar timely raised legitimate objections about the scope of the requests and the burden he was being asked to bear. Since the hearing, Mr. Justis came to the table and negotiated

---

[1]    Plaintiff's request in this case is over twice the amount requested in Chicago. However, in that case, the court specifically limited the fees and costs awarded to "only those costs associated with bringing the motion itself." The instant request is less than $2,000.00

reasonable limitations on the types and amounts of documentation that would satisfy his requests. Why did he not do that in an effort to avoid the motion and hearing? Respondent respectfully submits that reasonable fees and expenses for this proceeding should be similar in amount to those in the other jurisdictions. It should be noted that out of the $11,792.50 requested for fees, not a nickel is charged for attempts to confer with the witness or his counsel to "keep expenses at a minimum." The reason is simple; no such effort was ever made.

9.    Mr. Eagar also respectfully submits that the issue of the fees and costs he has been forced to incur as a result of Plaintiff's subpoena are relevant to the issue of reasonableness. Mr. Eagar has submitted bills to Plaintiff for the time required to comply with the subpoena, as permitted by both Rule 26 and Rule 45 of the Federal Rules of Civil Procedure, which total in excess of $10,000.00. Plaintiff has refused to pay those bills. Likewise, Mr. Eagar has been forced to retain counsel and defend this action, at significant expense. Since the court did not find Mr. Eagar in contempt under Rule 45, nor find that actions by his counsel were undertaken in bad faith or without adequate excuse, we respectfully submit that it is not fair or reasonable to award the fees and expenses requested.

10.   The issue of who should receive any fees and expenses awarded has arisen in the other two jurisdictions. Plaintiff attempts to blur the issue by suggesting that it is common for contingent fee counsel to be awarded monetary sanctions on discovery motions. The issue is not whether or not sanctions can appropriately be

---

higher than the one reduced by Judge Joyner in Tulsa ($13,551.53 vs. $11,587.98, reduced to $3,945.48).

awarded in a case where a party is represented by contingent fee counsel. The issue is whether such fees and expenses should be awarded to the counsel instead of to the client. In this case, there should be no issue because Plaintiff unequivocally asked in its Motion to Compel that the court order "Mr. Eagar and/or his attorneys to Pay **Plaintiff** its reasonable attorneys fees and expenses." This court's order directed Respondent to "pay the reasonable attorneys' fees and expenses **incurred by Plaintiff** relating to serving the subpoena and the Motion." There is no evidence that Plaintiff agreed to pay local counsel an hourly rate for this matter (as opposed to local counsel being subcontracted by Lathrop & Gage, L.C.[2] ) and thus no evidence that additional attorneys fees were incurred by Plaintiff over and above the contingent fee they are obligated to pay Lathrop & Gage if the contingency comes about. Any award of reasonable costs and expenses should be paid to the Plaintiff, not to Plaintiff's counsel. (Such an award eliminates any incentive for counsel to engage in discovery litigation for the express purposes of recovering fees, especially in contingent fee cases that appear to be long shots, while simultaneously protecting the parties and deterring discovery abuse by responding parties and witnesses.)

11.    For the reasons set forth above, Respondent respectfully submits that recovery of reasonable expenses in this matter should be limited to a total of $3,500.00 payable to Plaintiff, KESTREL HOLDINGS I, LLC.

---

[2]      Indeed, Plaintiff admits in its Petition that "Lathrop & Gage has and will continue to pay its local counsel at Dwyer & Collora". Plaintiffs' Petition for Fees and Costs, paragraph 12. The Affidavit of Nicholas J. Walsh also admits that his firm is being paid by Lathrop and Gage. Walsh Affidavit, paragraph 5.

Respectfully submitted,

GENDRY & SPRAGUE, P.C.
645 Lockhill Selma
San Antonio, Texas 78216
Telephone: (210) 349-0511
Facsimile: (210) 349-2760

CAMPBELL CAMPBELL EDWARDS & CONROY
One Constitution Plaza
Third Floor
Boston, Massachusetts 02129
Telephone:  (617) 241-3000
Facsimile:  (617) 241-5115

By:  _____
        BRIAN  P. VOKE

ATTORNEYS FOR RESPONDENT
THOMAS W. EAGAR

## CERTIFICATE OF SERVICE

I hereby certify that on the 4[h] day of Junel, 2004, I caused the foregoing to be sent by electronic transmission or sent by U. S. mail, postage pre-paid, to the following:

Mr. Gary D. Justis
Lathrop & Gage L.C.
10851 Mastin Boulevard
Suite 1000
Overland Park, Kansas 66210-1669


Mr. David A. Bunis
Dwyer & Collora, LLP
600 AtlanticAvenue
Boston Massachusetts 02210-1122

BRIAN P. VOKE

g:\ras\kestrelholdings\resp.pet.fees.ma.Word

-7-