IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KESTREL HOLDINGS I, L.L.C., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. ) | 1:04-MC-10068-NG |
| ) | |
| LEARJET INC. and BOMBARDIER, INC., ) | |
| ) | |
| DEFENDANTS. ) | |

## THOMAS EAGAR'S MOTION AND MEMORANDUM TO COMPEL KESTREL HOLDINGS, I LLC FOR AN AWARD OF EXPERT FEES PURSUANT TO FED.R.CIV.P. 26 (b)(4)(c)

Professor Thomas Eagar hereby moves for an order pursuant to Fed.R.Civ.P.26(b)(4)(C) directing Kestrel Holdings LLC to pay Professor Eagar for his time and expenses incurred in appearing at a deposition to provide expert testimony and in responding to the subpoena to produce documents at his expert deposition.

Professor Eagar requests the court order Kestrel Holdings to pay him a total of $12,350.00 for time spent in appearing at this deposition and for time and expenses incurred in producing documents responsive to the subpoena served on Professor Eagar.

1

## THE APPLICABLE LAW

Fed.R.Civ.P. 26(b)(4) A allows a party to depose any opposing party's expert whose opinions may be presented at trial. Fed.R.Civ.P. 26(b)(4)(C) provides that "[u]nless manifest injustice would result (i) the court shall require the party seeking discovery, pay the expert a reasonable fee for time spent in responding to discovery under this subdivision.

In determining the reasonableness of a requested fee, the court considers:

- the expert's area of expertise
- the education and training required to provide the expertise that is sought
- the prevailing rates for other comparably respected experts
- the nature and quality and complexity of the information provided by the expert
- the cost of living in the geographic area; and
- any other factor that may assist the Court in achieving the proper balance of interests implicated by Rule 26.

Cabena v. Horcier 200F.R.D. 9, 15-16 (D. Mass. 2001); Moores Fed. Practice 3rd 26-236.8

Courts also consider the fee actually charged to the party who retained the expert and the fees traditionally charged by the expert on related matters. Moores Fed. Practice 3rd 26-236.9.

Courts have applied the plain language of Fed.R.Civ.P. 26(b)(4)(c) and ordered a reasonable expert fee for time spent in responding to discovery as the rule provides. Collins v. Village of Woodridge 197 F.R.D. 354, 357-58 (ND Ill 1999); Boos v. Prison Health Servs. 212 F.R.D. 578, 579 (D Kan 2002).

## FACTS

Thomas Eagar is a professor of materials science at MIT. He consults as an expert witness and was retained and identified as an expert expected to testify at trial by Learjet, Inc. and Bombardier Inc. in Kestrel Holdings, LLC v. Learjet, Inc. & Bombardier Inc. 02-2388-CM pending in the United States District Court for Kansas. Kestrel Holdings noticed Professor Eagar's deposition as an expert and served Professor Eagar with a subpoena requesting voluminous documents. A copy of the subpoena is attached.

Professor Eagar advised Kestrel Holdings that he estimated it would take two weeks of his time to review and assemble the documents requested so that privileged information belonging to other parties was not improperly disclosed. See Thomas Eagar Affidavit previously filed and dated April 2, 2004.

Professor Eagar produced documents responsive to the subpoena and attended his deposition in San Antonio on April 29, 2004. Professor Eagar spent 2.5 hours in the deposition at $350.00 per hour which is the same rate he charges the defendants and other clients for his consulting services. Professor Eagar spent 26.5 hours assembling, reviewing and preparing documents requested pursuant to the subpoena. His secretary

3

spent 30 hours assisting Professor Eagar in assembling, reviewing and preparing documents requested in the subpoena. The copying charges for the documents produced in response to the subpoena were $300.00. The cost for organizing and assembling documents in response to the subpoena is $12,350.00 which consists of 26.5 hours of Professor Eagar's time at $350.00 per hour and 30 hours of his secretary's time at $60.00 per hour. The total cost for time in the deposition was 2.5 hours @ $350.00 per hour for $875.00.

Kestrel Holdings has refused to pay Eagar a reasonable fee for time spent in responding to Kestrel's discovery of Professor Eagar. As Fed.R.Civ.P. 26(b)(4)(c) requires an award of fees for an expert's time incurred in responding to discovery (unless manifest injustice would result) Eagar requests the court order Kestrel Holdings to pay Professor Eagar $13,350.00 for his time and expenses in appearing at his expert deposition and for his time and expense in responding to the subpoena.

## CERTIFICATE OF SERVICE

I, Brian P. Voke, here by certify that a true and correct copy of THOMAS EAGAR'S MOTION TO COMPEL KESTREL HOLDINGS, I LLC FOR AN AWARD OF EXPERT FEES PURSUANT TO FED.R.CIV.P. was served via U.S. Mail, postage prepaid, on this 2nd day of July, 2004, addressed to the following:

Mr. David A. Bunis
Mr. Nicholas J. Walsh
600 Atlantic Avenue
Boston, MA 02210-1122

Mr. Gary D. Justis
Lathrop & Gage, L.C.
10851 Mastin Blvd., Suite 1000
Overland Park, Kansas 66210-1669

Mr. William P. Sampson
Mr. Matthew C. Miller
Shook, Hardy & Bacon, L.L.P.
10801 Mastin Boulevard, Suite 1000
Overland Park, Kansas 66210-1671

Attorneys for Thomas W. Eagar,

Brian P. Voke, BBO 544327
Campbell Campbell Edwards & Conroy, P.C
One Constitution Plaza
Boston, MA 02129
(617) 241-3000 (T)
(617) 241-5115 (F)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSSACHUSETTS

KESTREL HOLDINGS I, L.L.C., )
)
Plaintiff, )
)
vs. ) Civil Action No. 04-MBD-10068-NG
)
LEARJET INC. and BOMBARDIER INC., )
)
Defendants. )

GERTNER, D.J.:

## SECOND
## AFFIDAVIT OF THOMAS EAGAR

Thomas W. Eagar, being duly sworn, deposes and says:

1. My name is Thomas W. Eagar. I am over the age of twenty-one (21) and I am fully competent to make this affidavit. I am the Thomas W. Eagar upon whom Kestrel Holdings, I, L.L.C. served a Rule 45 subpoena duces tecum on February 10, 2004.

2. On April 2, 2004, I provided an affidavit (Exhibit A) in this matter describing the considerable difficulty and extraordinary time required to comply with the subpoena of February 10, 2004. In that affidavit, I estimated that "it would take me the better part of two weeks to sift through the past four years records." In spite of my notification of the difficulty and time required to compile the requested information, Kestrel Holdings, L.L.C., continued to request that I compile this information. Eventually, Kestrel Holdings, L.L.C. convinced this Honorable Court to order that I take the time and effort to compile the requested information.

3. I complied with the Court's Order fully and in a timely manner.

4. On April 17, 2004, April 28, 2004 and May 14, 2004, I submitted invoices to Mr. Gary D. Justis, of Lathrop and Gage, LC, counsel for Kestrel Holdings I, L.L.C., for the time spent by myself and my secretary in compiling the information required by the subpoena duces tecum, which was ordered to be produced by this Court. These invoices are attached as Exhibit B.

5.  The invoices in Exhibit B, provide the same level of detail and the same billing rates which I and my secretary use for all litigation related matters. The total for the three invoices totals $11,475 and totals 56.5 hours of both my time and my secretary's time.

6.  At my deposition in the Kestrel Holdings I, L.L.C. v. Learjet, Inc. and Bombardier, Inc. matter which was the action which precipitated the subpoena duces tecum of February 10, 2004, Mr. Gary D. Justis stated that "We're not going to pay [your invoices]." I informed Mr. Justis that I would seek relief of the Court to have him reimburse me for the time required to comply with his request (see Exhibit C). Nevertheless, Mr. Justis continued to request further detailed information from me, which resulted in the May 14, 2004 invoice. Out of respect for the order of this Court, I have continued to respond fully and in a timely manner to all requests made by Mr. Justis under the subpoena duces tecum and as ordered by this Court.

Further affiant sayeth not.

*Thomas W. Eagar*
THOMAS W. EAGAR

SWORN and SUBSCRIBED to before me on this the 24th day of June, 2004 by THOMAS W. EAGAR, Affiant.

_____
Notary Public in and for the State of Massachusetts
My commission expires:
12-29-2006